IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03 CV 28-V

| | | |
|---|---|---|
| GEORGE CALE BUCKNER | ) | |
|                 Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARVIN POLK, Warden, | ) | |
| Central Prison | ) | |
| Raleigh, North Carolina | ) | |
|                 Respondent. | ) | |
| | ) | |

This matter is before the Court upon Petitioner's Application for a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c), Federal Rule of Appellate Procedure 22 and Fourth Circuit Local Rule 22(a). [Doc. 31] Respondent did not file a Response.

Petitioner seeks to appeal this Court's denial of five (5) claims (Claims I A & B, V, VI, and VII) of his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. This Court may issue a certificate of appealability (hereinafter "COA") only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the United States Supreme Court has stated, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *See Miller-El v. Cockrell,* 537 U.S. 322, 338, 123 S.Ct. 1029, 1040 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). The Court will address Petitioner's claims in the order in which he presents them in the instant Application.

With regard to Claims I A and B, Petitioner argues that he has made a substantial

showing of the denial of a constitutional right and that reasonable jurists could debate whether this Court should have granted his claims that he is entitled to a new trial based upon newly discovered evidence and that trial counsel were ineffective for failing to discover this newly discovered evidence prior to trial. Buckner claims that this newly discovered evidence shows that he is innocent of the murder of Eddie Dow.

Under the United States Supreme Court decision in *Herrera v. Collins*, claims of actual innocence, standing alone, are not cognizable on federal habeas review. 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *see also Royal v. Taylor*, 188 F.3d 239, 243 (4th Cir. 1999) (citing *Herrera*, 506 U.S. at 400). Because Petitioner's claim is that his actual innocence of the murder of Eddie Dow in and of itself renders his conviction and execution violative of the Eighth and Fourteenth Amendments, his claim is not cognizable on Federal habeas review. *See id*. Therefore, Petitioner has failed to show that reasonable jurists would find the Court's rejection of this claim debatable or wrong.

Petitioner likewise has failed to show that reasonable jurists would debate whether this Court should have granted his claim that trial counsel were ineffective for failing to discover this "newly discovered evidence." Petitioner has failed to put forth any credible evidence that the "newly discovered evidence" at issue was reasonably discoverable by trial counsel prior to trial. Thus, Petitioner cannot show that trial counsels' performance was deficient under *Strickland v. Washington*. 466 U.S. 668, 687 (1984). For the foregoing reasons, Petitioner's application for a certificate of appealability as to both Claims I A and B is DENIED.

With regard to Claim VI of the Petition for Writ of Habeas Corpus, Petitioner actually raised two separate and distinct ineffective assistance of counsel (hereinafter "IAC") claims. The first was a claim that counsel were ineffective for failing to investigate, discover and present readily available mitigating evidence. The second was a claim that counsel were ineffective for failing to seek and secure peremptory jury instructions for the mitigating circumstances they presented to the jury. In the instant Application, Petitioner seeks a COA for the first IAC claim *only*. Nowhere in the instant Application does Petitioner argue that he has made a substantial showing of the denial of a constitutional right when counsel failed to seek and secure peremptory instructions for mitigating circumstances at the sentencing phase of the trial. Nor does he argue that reasonable jurors would debate this Court's conclusion that this portion of Petitioner's IAC claim is procedurally defaulted. In fact, he makes no mention of this claim at all. Thus, the Court views Petitioner's claim that counsel were ineffective for failing to seek and secure peremptory instructions as abandoned, and the Court will not extend Petitioners' Application for a COA to encompass that portion of Claim VI of the Petition for Writ of Habeas Corpus.

The Court finds no merit in Petitioner's assertion that reasonable jurists would debate whether this Court should have granted his claim that he is entitled to a new sentencing trial based upon trial counsels' failure to adequately investigate, discover and present readily available mitigating evidence. Counsel's efforts to investigate and discover mitigating evidence were reasonable under the circumstances. *See Strickland*, 466 U.S. at 688. Furthermore, the Supreme Court's recent decision in *Rompilla v. Beard* does not lend support to Petitioner's argument. __ U.S. __, 125 S.Ct. 2456, 2460 (2005). As made clear by the Supreme Court, the holding in *Rompilla* is a "specific application" of the standard of reasonable competence required of defense

3

counsel. *See id*. Under *Rompilla*, defense counsel is required to make reasonable efforts "to review material that counsel knows the prosecution will probably rely on as evidence of aggravation at sentencing." *Id*. The circumstances surrounding counsel's performance in that case are readily distinguishable from those in Petitioner's case. Thus *Rompilla* does not call into question the Court's conclusion in this case that counsel were not deficient under *Strickland*. 466 U.S. at 688. For the foregoing reasons, Petitioner's application for a COA for Claim VI is DENIED.

With regard to Claim VII of the Petition for Writ of Habeas Corpus, Petitioner asserts that reasonable jurists would debate whether the trial court abused its discretion in failing to grant defense counsel's pre-trial motion to withdraw. The Court found this claim to be procedurally barred pursuant to N.C. Gen. Stat. § 15A-1419(a)(3). When a district court denies a claim on procedural grounds,

> a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484 (emphasis added).

As the Court explained in both its Order denying the Petition for Writ of Habeas Corpus and its Order denying Petitioner's Motion to Reconsider, in order to make a colorable showing that § 15A-1419(a)(3) was not an independent and adequate procedural bar to his "motion to withdraw" claim, Petitioner was obliged to cite a "non-negligible number of cases" in which "motion to withdraw" claims could have been brought on direct review but were not, "and in which the collateral review court nonetheless failed to bar the claim under § 15A-1419(a)(3)"

4

because the claim alleged that the trial court erred in refusing to grant the motion to withdraw. *See McCarver v. Lee*, 221 F.3d 583, 589 (4th Cir. 2000). As also explained in the aforementioned Orders, Petitioner failed to cite any cases meeting this criteria. In fact, in his Petition for Writ of Habeas Corpus, Petitioner not only failed to cite any applicable cases, he did not even put forward the argument that § 15A-1419(a)(3) is not regularly and consistently applied to this type of claim.

Petitioner failed to show cause and prejudice to excuse his default. In fact, Petitioner's argument that he could not bring this claim on direct appeal because it relies upon evidence outside the record is contradicted by his admission in his Motion for Appropriate Relief that he could have brought the claim on direct appeal. (MAR p. 27, ¶ 77) Finally, the sole basis for Petitioner's claim that he was prejudiced by the trial court's refusal to grant counsel's motion to withdraw is that counsel failed to adequately investigate, discover and present mitigating evidence at sentencing, a claim this Court previously had found to be without merit.

Petitioner has failed to make a substantial showing of the denial of a constitutional right and that reasonable jurists would debate whether the Court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. Based upon the foregoing, and for the reasons articulated in the portion of this Order addressing Petitioner's application for a COA for Claim VI of his Petition for Writ of Habeas Corpus, Petitioner's application for a COA for Claim VII of his Petition is DENIED.

Finally, Petitioner seeks a COA for Claim V of his Petition, in which he claims that the State deprived him of his Fifth, Sixth and Fourteenth Amendment rights when during closing arguments, the prosecutor improperly used Petitioner's reliance upon his constitutional right to

silence.[1] Before addressing whether reasonable jurists would debate whether the Court's conclusion in this matter was correct, the application for a COA for this claim must itself be parsed.

First, in the instant Application, Petitioner seeks a COA only on the issue of whether the prosecutor improperly used Petitioner's reliance upon his constitutional right to silence as substantive evidence of guilt. Nowhere in the instant Application does Petitioner argue that reasonable jurists would debate whether the prosecutor improperly used Petitioner's reliance upon his constitutional right to an attorney as substantive evidence of guilt. In fact, he makes no mention of this portion of his original claim at all. Thus, the Court views the claim that during closing arguments, the prosecutor improperly used Petitioner's reliance upon his constitutional right to an attorney as substantive evidence of guilt as abandoned, and the Court will not extend Petitioners' Application for a COA to encompass that portion of Claim V of the Petition for Writ of Habeas Corpus.

The instant application for a COA for Claim V is narrowed further by the fact that Petitioner has not sought a COA for Claim II of his Petition. In the instant Application, Petitioner appears to be attempting to "shoehorn" into Claim V a claim that he was in custody when he was questioned at the Gaston County Police Department on February 23, 1992, and that, therefore, police should have advised him of his rights under *Miranda v. Arizona*. 426 U.S. 610 (1976). The issue of whether Petitioner was in custody for the purpose of *Miranda* was raised in Claim II of the Petition for Writ of Habeas Corpus, in which Petitioner claimed that trial counsel

---

[1] The Court addressed this claim as Claim III in its April 18, 2005 Order denying the Petition for Writ of Habeas Corpus. (Pp. 22-32)

were ineffective for failing to move to suppress his statements to police.  In its adjudication of that claim, the Court concluded that Petitioner was not in custody when he was questioned by police and, therefore, was not entitled to *Miranda* warnings.  Petitioner has not sought a COA for Claim II.  Thus, the issue of whether reasonable jurists would debate whether Petitioner was in custody and entitled to *Miranda* warnings during questioning at the Gaston County Police Department is not before the Court in the instant Application.

Petitioner's application for a COA for Claim V, therefore, is limited solely to the issue of whether the prosecutor's references to Petitioner's silences that occurred in the absence of *Miranda* warnings violated Petitioner's rights to silence, due process and against self-incrimination..  The Court concludes that reasonable jurists could find the Court's assessment of this claim debatable.  Therefore, a COA on the issue of whether the prosecutor's references to Petitioner's silence in the absence of *Miranda* warnings violated his rights to silence, to due process and against self-incrimination is GRANTED.

IT IS HEREBY ORDERED THAT Petitioner's application for a COA is GRANTED in part and DENIED in part.

**Signed: August 24, 2005**

Richard L. Voorhees
United States District Judge